James R. Hawkins, Esq. SBN 192925
james@jameshawkinsaplc.com
William S. Caldwell, Esq. SBN 200969
William@jameshawkinsaplc.com
JAMES R. HAWKINS, APLC
9880 Research Drive, Suite 200
Irvine, CA 92618
TEL:    (949) 387-7200
FAX:    (949) 387-6676

Attorneys for Plaintiff, Anna Nguyen, on behalf of
herself and all others similarly situated

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

| | |
|---|---|
| ANNA NGUYEN, an individual, on behalf of herself and all others similarly situated<br><br>    Plaintiffs,<br><br>vs.<br><br>BAXTER HEALTHCARE CORPORATION, a Delaware Corporation, and DOES 1 through 50, inclusive,<br><br>    Defendants. | Case No.  SACV 10-01436 CJC (SSx)<br><br>ASSIGNED FOR ALL PURPOSES TO:  HON. CORMAC J. CARNEY<br><br>**NOTICE OF MOTION AND MOTION FOR RELIEF FROM CENTRAL DISTRICT OF CALIFORNIA CIVIL LOCAL RULE 23-3; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:            January 10, 2011<br>Time:           1:30 p.m.<br>Courtroom:    9B |

///

**TO THE HONORABLE COURT, TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:**

    **PLEASE TAKE NOTICE** that on Monday, January 10, 2011, at 1:30 p.m., or as soon thereafter as counsel may be heard, in Courtroom 9B of the United States District Court for the Central District of California, located at 411 West Fourth Street, Santa Ana, California 92701, counsel of record for Plaintiff will, and hereby does, move for relief vacating the 90-day deadline imposed by United States District Court, Central District of California Civil Local Rule ("LR") 23-3 and extending the time for the filing of Plaintiff's Motion for Class Certification by approximately six months after the parties' early meeting of counsel pursuant to Federal Rule of Civil Procedure 16 and 26, to May 30, 2011, or to a date that the Court deems just and proper.

    Good cause exists for the relief sought. First, given the complexity and volume of the certification evidence associated with the class-wide wage and hour class action claims alleged here, and the restriction on discovery until after the early meeting of counsel under Federal Rule of Civil Procedure 26(d), it is not possible for Plaintiff to conduct the discovery sufficient to adequately support a class certification motion before the deadline imposed by LR 23-3. Second, the LR 23-3 deadline is inconsistent with Federal Rule of Civil Procedure Rule 23(c)(1), and is obsolete, particularly since "conditional certification" was abolished in 2003. Third, Defendant will not be prejudiced by Plaintiff's Motion, which will provide Plaintiff with sufficient time to acquire all evidence necessary to support class certification. Finally, California Central District Local Civil Rule 23-3 is not applicable in the instant action since service of the complaint was never effectuated upon Defendant.

///

## U.S.D.C. LOCAL RULE 7-3

Plaintiff has met and conferred with Defendant's counsel regarding this Motion pursuant to Local Rule 7-3 of the Central District of California, which took place during the early meeting on November 19, 2010, November 22, 2010, and November 23, 2010, wherein Plaintiff requested Defendant's position as to waiver of Local Rule 7-3, to a mutually acceptable date. On November 22, 2010, and November 23, 2010, respectively, Defendant stated and re-stated its position that its would not stipulate to vacating or continuing the LR 23-3 deadline and Plaintiff stated its intention to file the instant motion for relief thereon.

This Motion is based on this Notice, the attached Memorandum of Points and Authorities, the concurrently filed Declaration of William S. Caldwell, the Request for Judicial Notice, the [Proposed] Order filed concurrently herewith, the pleadings on file in this case, such other evidence and oral argument as the Court may consider.

Dated: December 9, 2010   **JAMES HAWKINS, APLC**

_/s/ Will Caldwell_
James R. Hawkins, Esq.
William S. Caldwell, Esq.
Attorneys for Plaintiff, Anna Nguyen, on behalf of herself and all others similarly situated

# TABLE OF CONTENTS

I. INTRODUCTION ...................................................................................4

II. FACTS..................................................................................................5

III. ARGUMENT........................................................................................6

    A. The Court Is Empowered To Vacate The Deadline Set By LR 23-3 ..................................................................................................6

    B. LR 23-3 Is Inconsistent With Rule 23, As Amended, And Is Therefore Obsolete……………………...……………………6

    C. Plaintiff Needs Discovery Which Will Require More Time Than The 90 Days Afforded By LR 23-3………………………………7

        1. Plaintiff Requires Discovery Seeking Putative Class Members' Names and Contact Information in Anticipation of Refuting Defenses to the Typicality and Commonality Requirements for Certification ...........10

        2. Plaintiff Requires the Production of Documents Pertaining to Defendant's Policies, Practices and Procedures ...............................................................................11

        3. Plaintiff Requires Time to Take Defendant's Deposition And Interview Putative Class members Prior to Filing Her Class Certification Motion....................................…...12

    D. Defendants Will Not Suffer Any Undue Prejudice If The Court Grants Plaintiff's Request For Relief From LR 23-3 Requirements, But The Class Members Will Suffer Prejudice If The Class Allegations Are Stricken ............................13

    E. LR 23-3 Is Not Applicable to the Case at the Bar Since Service of The Complaint Was Never Effectuated...................................13

IV. CONCLUSION .................................................................................14

i

NOTICE OF MOTION AND MOTION FOR RELIEF FROM CENTRAL
DISTRICT OF CALIFORNIA CIVIL LOCAL RULE 23-3;
CASE NO. SACV 10-01436 CJC (SSx)

# TABLE OF AUTHORITIES

**FEDERAL CASES**

*Bible v. Rio Props., Inc.*, 242 F.R.D. 614 (C.D. Cal. 2007) .......................... 10

*Employees Committed For Justice v. Eastman Kodak Co.*, 407 F. Supp. 2d 423 (W.D.N.Y. 2005) ............................................................... 12

*Gray v. Greyhound Lines, East*, 545 F.2d 169 (D.C. Cir. 1976) .................. 9

*Griffin v. Nat. Pub. Radio*, Nos. 76-0229 and 76-0744, 1977 U.S. Dist. LEXIS 16560 (D.D.C. Apr. 1, 1977) ........................................................ 9

*Joseph N. Main P.C. v. Elec. Data Sys. Corp.*, 168 F.R.D. 573 (N.D. Tex. 1996) ................................................................................................. 6

*Kamm et al. v. California City Development Company et al.*, 509 F.2d 205 (9th Cir. 1975) ................................................................................... 8

*Probe v. State Teachers Retirement Sys.*, 780 F.2d 776 (9th Cir. 1996) ...... 9

*Stolz v. United Broth. of Carpenters and Joiners of Am., Local Union No. 971*, 620 F. Supp. 396 (D. Nev. 1985) ................................................ 9

*Vinole v. Countrywide Home, Inc.*, 246 F.R.D. 637 (S.D. Cal. 2007) .......... 7

*Yaffe v. Powers*, 454 F.2d 1362 (1st Cir. 1972) ............................................ 8

**STATE CASES**

*Atari, Inc. v. Super. Ct.*, 166 Cal. App. 3d 867 (1985) ................................ 12

*Belaire-West Landscape, Inc. v. Super. Ct. (Rodriguez)*, 149 Cal. App. 4th 554 (2007) ........................................................................................ 10

*Carabini v. Super. Ct. (King)*, 26 Cal. App. 4th 239 (1994) ....................... 11

*Lee v. Dynamex, Inc.*, 166 Cal. App. 4th 1325 (2008) ................................. 8

*People v. Dixon*, 148 Cal. App. 4th 414 (2007) ......................................... 10

ii

NOTICE OF MOTION AND MOTION FOR RELIEF FROM CENTRAL DISTRICT OF CALIFORNIA CIVIL LOCAL RULE 23-3; CASE NO. SACV 10-01436 CJC (SSx)

*Pioneer Electronics (USA), Inc. v. Super. Ct. (Olmstead)*, 40 Cal. 4th 360 (2007) ..................................................................................................10

*Puerto v. Super. Ct. (Wild Oats Markets, Inc.)*, 158 Cal. App. 4th 1242 (2008) ................................................................................................10

*Stern v. Super. Ct.*, 105 Cal. App. 4th 223 (2003)..........................................11

**FEDERAL STATUTES**

Cal. Cen. Dist. Civ. Loc. R. 23-3 ...............................................................*passim*

Fed. R. Civ. P. 6(b) ..............................................................................................6

Fed. R. Civ. P. 16 ..........................................................................2, 4, 12, 14

Fed. R. Civ. P. 23 ................................................................................2, 4, 7, 8

Fed. R. Civ. P. 23(c)(1) ......................................................................................2

Fed. R. Civ. P. 23(c)(1)(A) ................................................................................7

Fed. R. Civ. P. 26 ..........................................................................2, 4,12, 14

Fed. R. Civ. P. 26(d) ....................................................................................2, 4,5

Fed. R. Civ. P. 30(b)(6) .....................................................................................9

**SECONDARY AUTHORITIES**

Fed. Jud. Cntr. "Managing Class Action Litigation: A Pocket Guide for Judges" (2005) ..................................................................................6

Schwarzer, et al., *Cal. Prac. Guide: Fed. Civ. P. Before Trial* ¶ 10:565 (TRG 2010) ...................................................................................................6

iii

NOTICE OF MOTION AND MOTION FOR RELIEF FROM CENTRAL DISTRICT OF CALIFORNIA CIVIL LOCAL RULE 23-3; CASE NO. SACV 10-01436 CJC (SSx)

# MEMORANDUM OF POINTS AND AUTHORITIES

Plaintiff Anna Nguyen ("Plaintiff") respectfully submits this Memorandum of Points and Authorities in support of her Motion for Relief from the 90-day deadline imposed by United States District Court, Central District of California Local Rule ("LR") 23-3 and an extension of the time for the filing of Plaintiff's motion for class certification until approximately six months, i.e. May 30, 2011, after the parties' early meeting of counsel pursuant to Federal Rules of Civil Procedure 16 and 26, or to a date that the Court deems just and proper.

## I. INTRODUCTION

Plaintiff respectfully requests that the Court relieve her of the 90-day deadline imposed by LR 23-3 in this wage and hour putative class action, removed from state court. Unlike other motions that could be brought prior to conducting discovery (e.g., a motion to dismiss), a motion for certification requires obtaining evidence outside the pleadings. This case is no exception, as it alleges violations of California's wage and hour laws, which are certified only after substantial discovery, the most time-consuming of which includes class member interviews and a statistically-relevant sampling of documents (e.g., time sheets and wage statements). Due to the discovery hold imposed by Federal Rule of Civil Procedure ("Rule(s)") 26(d), in combination with the filing deadline imposed by LR 23-3, Plaintiff will not be able, under the present deadline, to complete meaningful discovery in support of her motion for class certification.

Further, the LR 23-3 deadline is inconsistent with Rule 23 and, therefore, obsolete. Plaintiff contends that continued enforcement of LR 23-3 violates fundamental principles of fairness and due process by precluding any assurance that plaintiffs in putative class actions can reasonably obtain pre-certification.

-4-

NOTICE OF MOTION AND MOTION FOR RELIEF FROM CENTRAL
DISTRICT OF CALIFORNIA CIVIL LOCAL RULE 23-3;
CASE NO. SACV 10-01436 CJC (SSx)

discovery to use in preparation for a class certification motion that must be filed within 90 days of the pleading purporting to commence the action. As more fully set forth below, good cause exists, and it is in the best interest of the Plaintiff and putative class members for the Court to grant Plaintiff's Motion.

## II. FACTS

Plaintiff originally filed her complaint in Orange County Superior Court against Defendant Baxter Healthcare Corporation ("Defendant") on August 23, 2010, alleging a putative wage and hour class action based on, among other things, Defendant's failure to: pay wages including overtime wages; (b) failure to provide meal periods and for failure to provide rest periods; (c) California Labor Code section 203 penalties; (d) Labor Code section 226 penalties; and (e) a claim for unfair competition. (Declaration of William S. Caldwell at ¶ 2.) Prior to Plaintiff serving the Complaint upon Defendant, Defendant unilaterally filed an Answer and Notice of Removal to Federal Court on September 22, 2010. (Caldwell Decl., ¶ 3.)

Counsel for the parties held its early meeting and met and conferred on November 19, 2010, November 22, 2010, and November 23, 2010, wherein Plaintiff requested Defendant's position as to waiver of Local Rule 23-3, to a mutually acceptable date. On November 22, 2010, and November 23, 2010, respectively, Defendant stated and re-stated its position that they would not stipulate to vacating or continuing the LR 23-3 deadline and Plaintiff informed Defendant it would seek relief from L.R. 23-3 via a noticed motion. (Caldwell Decl., ¶ 4.)

Due to the discovery hold imposed by Federal Rule of Civil Procedure ("Rule(s)") 26(d), Plaintiff could not initiate discovery until after the early meeting, which Plaintiff did so by propounding its first set of written discovery in the form of interrogatories and production requests on November 23, 2010.

(Caldwell Decl., ¶ 5.) Defendant's responses are not due until December 27, 2010.

Defendant's non-agreement to a later date for Plaintiff to file a motion for class certification, and Plaintiff's intention to file the instant motion are reflected in the joint scheduling report which was filed on December 7, 2010. (See Caldwell Decl., ¶ 6 and Exhibit "A" to Request for Judicial Notice filed concurrently with the Motion.)

## III. ARGUMENT

### A. The Court Is Empowered To Vacate The Deadline Set By LR 23-3

Central District of California Civil Local Rule 23-3 requires a proponent of a class to file a motion for class certification within 90 days following the action's removal to federal court. *See Joseph N. Main P.C. v. Elec. Data Sys. Corp.*, 168 F.R.D. 573, 577 (N.D. Tex. 1996); Schwarzer, et al., *Cal. Prac. Guide: Fed. Civ. P. Before Trial* ¶ 10:565 (TRG 2010).

This Court is empowered to vacate or continue the deadline imposed by LR 23-3. Fed. R. Civ. P. 6(b) ("The district courts may extend many of the time periods set by the Rules."). Rule 6 of the Federal Rules of Civil Procedure sets forth the foundational principal guiding courts' consideration of any request for additional time: "The district courts may extend many of the time periods set by the Rules." Fed. R. Civ. P. 6(b). Extensions of time are governed by a "good cause" standard pursuant to Rule 6(b).

### B. LR 23-3 Is Inconsistent With Rule 23, As Amended, And Is Therefore Obsolete

The Federal Judicial Center's own 2005 publication, "Managing Class Action Litigation: A Pocket Guide for Judges" (Exhibit "B" to Request for Judicial Notice filed concurrently with the Motion), recognizes that, in light of

-6-

NOTICE OF MOTION AND MOTION FOR RELIEF FROM CENTRAL
DISTRICT OF CALIFORNIA CIVIL LOCAL RULE 23-3;
CASE NO. SACV 10-01436 CJC (SSx)

the 2003 amendments to Rule 23(c)(1), local rules imposing specific time limits for filing class certification motions "appear to be inconsistent with the federal rules and, as such, obsolete."

Moreover, the official annotations regarding the 2003 amendments to Rule 23(c)(1)(A) (Exhibit "C" to Request for Judicial Notice filed concurrently with the Motion) state that the former "as soon as practicable" language "neither reflects a prevailing practice nor captures the many valid reasons that may justify deferring the initial certification decision." LR 23-3, which was predicated on the prior version of Rule 23(c)(1), has not been revised, in spite of the 2003 amendments to Rule 23(c)(1).

Accordingly, continued enforcement of LR 23-3 violates fundamental principles of fairness and due process by precluding any assurance that plaintiffs in putative class actions can reasonably obtain pre-certification discovery to use in preparation for a class certification motion that must be filed within 90 days of the commencement of an action.

### C. Plaintiff Needs Discovery Which Will Require More Time Than The 90 Days Afforded By LR 23-3

Here, good cause exists to vacate the 90-day deadline and extend the time within which Plaintiff must move for class certification to nine months after the parties' early meeting of counsel because of the complexity of this putative wage and hour class action, and the amount of necessary discovery needed to establish the class certification requirements of Rule 23.

The need for pre-certification discovery is a core principle common to California's federal and state courts. "[B]oth parties should 'have an opportunity to conduct discovery on class action issues before [their] documents in support of or in opposition to the motion must be filed.'" *Vinole v. Countrywide Home,*

-7-
NOTICE OF MOTION AND MOTION FOR RELIEF FROM CENTRAL
DISTRICT OF CALIFORNIA CIVIL LOCAL RULE 23-3;
CASE NO. SACV 10-01436 CJC (SSx)

*Inc.*, 246 F.R.D. 637, 639 (S.D. Cal. 2007) (citing *Carabini v. Super. Ct. (King)*, 26 Cal. App. 4th 239, 244, 31 Cal. Rptr. 2d 520, 523 (1994) (writ of mandate appropriately issued where no opportunity, or inadequate opportunity to take precertification discovery)); *Lee v. Dynamex, Inc.*, 166 Cal. App. 4th 1325, 1336-38, 83 Cal. Rptr. 3d 241, 250-52 (2008) (finding lower court abused its discretion by denying pre-certification discovery of the class members' identities, thereby preventing plaintiff from having the means to develop evidence capable of supporting his motion for class certification).

The Ninth Circuit has also emphasized the importance of discovery in determining whether a matter should proceed as a class action. *See Kamm et al. v. California City Dev. Co. et al.*, 509 F.2d 205, 210 (9th Cir. 1975) ("The propriety of a class action cannot be determined in some cases without discovery, as, for example, where discovery is necessary to determine the existence of a class or set of subclasses."); *see also Yaffe v. Powers*, 454 F.2d 1362, 1366 (1st Cir. 1972) ("To pronounce finally, prior to allowing any discovery, the non-existence of a class or set of subclasses, when their existence may depend on information wholly within defendant's ken, seems precipitate and contrary to the pragmatic spirit of Rule 23."). The need for discovery is even more critical in cases such as this, where it is the employer who is in sole possession of the identities of percipient witnesses/class members knowledgeable of Defendant's policies, procedures and practices, as well as corporate documents and records outlining not only Defendant's policies and procedures, but also its systematic and class-wide impact on its employees.

Across all circuits, the general rule is that additional time to take discovery necessary to support a class certification motion is permissible where no prior requests for more time have been made and where no prejudice to the non-moving

party is shown. *See, e.g., Probe v. State Teachers Retirement Sys.*, 780 F.2d 776 (9th Cir. 1996) (where no prejudice to non-movant shown, timing of class certification motion not appropriate basis for denial of certification); *Gray v. Greyhound Lines, East*, 545 F.2d 169, 172 n.11 (D.C. Cir. 1976) (district court directed to reconsider on remand denial of class certification based solely on delay in bringing certification motion); *Stolz v. United Broth. of Carpenters and Joiners of Am., Local Union No. 971*, 620 F. Supp. 396 (D. Nev. 1985) (delay alone in filing class certification motion not proper basis for denial of class certification); *Griffin v. Nat. Pub. Radio*, Nos. 76-0229 and 76-0744, 1977 U.S. Dist. LEXIS 16560 (D.D.C. Apr. 1, 1977) (violation of local rule prescribing time within which class certification motion must be filed not a permissible ground for dismissal of class allegations absent a showing of prejudice to defendant).

     Here, Plaintiff's action seeks to certify several causes of action on behalf of herself and all similarly situated non-exempt California employees. (*See* Complaint generally.) In order to support her motion and allow this Court to make determinations as to, *inter alia*, the typicality and commonality of Plaintiff's claims, Plaintiff anticipates propounding Requests for Production and Interrogatories seeking, without limitation, contact information related to the identities of putative class members, employees' time records, employees' wage records, and any and all policies, procedures governing putative class members' employment. Upon receipt of written discovery which was served on November 23, 2010, Plaintiff further intends on serving Rule 30(b)(6) deposition notices seeking the testimony of Defendant's corporate designee(s) related to Defendant's policies, procedures and practices. (See Caldwell Decl. ¶ 8.) All discovery described above will be needed by Plaintiff in order for Plaintiff to adequately

- 9 -

DECLARATION OF WILLIAM S. CALDWELL IN SUPPORT OF MOTION FOR RELIEF FROM CENTRAL DISTRICT OF CALIFORNIA CIVIL LOCAL RULE 23-3;
CASE NO. SACV 10-01436 CJC (SSx)

support her Motion for Class Certification.

### 1. Plaintiff Requires Discovery Seeking Putative Class Members' Names and Contact Information in Anticipation of Refuting Defenses to the Typicality and Commonality Requirements for Certification

For instance, Plaintiff seeks the identities of putative class members who may serve as potential percipient witnesses to the systematic and widespread nature of Defendant's employment policies and practices. The California Supreme Court and California Court of Appeal have both held that putative class members are potential percipient witnesses, and holding that their identities and contact information are properly discoverable. *See Pioneer Elec. (USA), Inc. v. Super. Ct. (Olmstead)*, 40 Cal. 4th 360, 373-75, 53 Cal. Rptr. 3d 513, 522-24 (2007) (ordering production of putative class members' names and contact information); *Belaire-West Landscape, Inc. v. Super. Ct. (Rodriguez)*, 149 Cal. App. 4th 554, 562, 57 Cal. Rptr. 3d 197, 203 (2007) (same); *Puerto v. Super. Ct. (Wild Oats Markets, Inc.)*, 158 Cal. App. 4th 1242, 1249, 70 Cal. Rptr. 3d 701, 706 (2008) ("Central to the discovery process is the identification of potential witnesses"); *People v. Dixon*, 148 Cal. App. 4th 414, 443, 56 Cal. Rptr. 3d 33, 56 (2007) ("The disclosure of the names and addresses of potential witnesses is a routine and essential part of pretrial discovery."); *Bible v. Rio Props., Inc.*, 242 F.R.D. 614, 620 (C.D. Cal. 2007) (citing *Pioneer* and ordering pre-certification production of witness names and contact information over privacy objections). Often in wage and hour cases such as this, it is only the experiences and knowledge of putative class members who can testify as to the system wide impact of Defendant's policies and practices. Without the ability to interview putative class members, and perhaps obtain declarations from those willing to submit

- 10 -

DECLARATION OF WILLIAM S. CALDWELL IN SUPPORT OF MOTION FOR RELIEF FROM CENTRAL DISTRICT OF CALIFORNIA CIVIL LOCAL RULE 23-3; CASE NO. SACV 10-01436 CJC (SSx)

testimony, Plaintiff's ability to support her Class Certification Motion is severely compromised. Pre-certification, class action defendants have effectively a monopoly on information about and communications with putative class members.

### 2. Plaintiff Requires the Production of Documents Pertaining to Defendant's Policies, Practices and Procedures

Plaintiff also seeks documents relating to Defendant's policies, practices, and procedures regarding the causes of action alleged in Plaintiff's complaint, which in turn bear on the elements of commonality, typicality, and predominance of common questions of law and fact: (1) whether Plaintiff and putative class members were subject to the same policies, practices, and procedures; and (2) whether the similarities between Plaintiff and other putative class members predominate over any individual issues. Such documents and information will be needed to be obtained and examined prior to filing Plaintiff's Motion for Class Certification. *Atari, Inc. v. Super. Ct. (Carson)*, 166 Cal. App. 3d 867, 870, 212 Cal. Rptr. 773, 775 (1985) (internal citations omitted) (holding that "[a] determination 'whether the common questions are sufficiently pervasive to permit adjudication in a class action rather than in a multiplicity of suits' cannot realistically be made until the parties have had a chance to conduct reasonable investigation."); *see also Carabini*, 26 Cal. App. 4th 239; *Stern v. Super. Ct. (Gete, Krycler, & Jakubovitz)*, 105 Cal. App. 4th 223, 232-33, 129 Cal. Rptr. 2d 275, 282 (2003) ("Each party, moreover, must have an opportunity to conduct discovery on class action issues before filing documents to support or oppose a class action certification motion…so the trial court can realistically determine if common questions are sufficiently pervasive to permit adjudication in a class

- 11 -

DECLARATION OF WILLIAM S. CALDWELL IN SUPPORT OF MOTION FOR RELIEF FROM CENTRAL DISTRICT OF CALIFORNIA CIVIL LOCAL RULE 23-3;
CASE NO. SACV 10-01436 CJC (SSx)

action."); *Employees Committed For Justice v. Eastman Kodak Co.*, 407 F. Supp. 2d 423, 431 (W.D.N.Y. 2005) ("[T]here [are] a significant number of cases in which district courts, based on facts developed during discovery, have certified pattern or practice claims...").

Notwithstanding Plaintiff's need for the documents and information sought, Plaintiff will not be able to obtain and/or analyze the discovery sought by the deadline set by LR 23-3. (*See* Caldwell Decl. at ¶¶ 7-11 generally.)

### 3. Plaintiff Requires Time to Take Defendant's Deposition And Interview Putative Class members Prior to Filing Her Class Certification Motion

Even assuming *arguendo* that Plaintiff immediately obtains the identities of the putative class members, it will some time to contact and interview the putative class members to gather evidence necessary to support a motion for class certification. (*See* Caldwell Decl., at ¶ 10.) Further, Plaintiff, after securing and reviewing Defendant's potentially voluminous written discovery responses and document production, will then be required to depose Defendant and its corporate witnesses concerning its policies, procedures and practices. (*See* Caldwell Decl., at ¶ 8.) It is common in wage and hour class actions for a Defendant to designate one or more designees on the subject matters sought in a class action. (*Id.*, at ¶ 8.) Further, it can take significant time to schedule these depositions due to scheduling issues amongst the parties and deponents.

Even after Plaintiff has compiled her evidence, given the multitude of claims and complexity and issues, Plaintiff anticipates that it will take approximately thirty (30) days to prepare her motion for certification. (Caldwell Decl., ¶ 11.) In short, Plaintiff contends that six months from the date the parties confer pursuant to Federal Rules of Civil Procedure 16 and 26 is reasonable by which Plaintiff's

Motion for Class Certification will be ready for filing.

Good cause exists to waive the requirements of LR 23-3. Vacating the deadline will allow all parties to adequately address discovery and any potential disputes, allowing this litigation to move forward in an efficient manner.

### D. Defendant Will Not Suffer Any Undue Prejudice If The Court Grants Plaintiff's Request For Relief From LR 23-3 Requirements, But The Class Members Will Suffer Prejudice If The Class Allegations Are Stricken

Defendant will suffer no prejudice if the Court grants Plaintiff's motion to relieve Plaintiff of requirements under LR 23-3. Defendant only would lose the unfair tactical advantage of requiring Plaintiff to file her Motion for Certification while withholding the necessary discovery to support it. On the other hand, should Plaintiff's motion not be granted, the prospective class members will lose the benefits inured to them by the anonymity of class litigation by a willing class representative, especially if the Court imposes the draconian sanctions of striking the class allegations in the event that the motion for certification is not filed pursuant to L.R. 23-3.

### E. LR 23-3 Is Not Applicable to the Case at Bar Since Service of The Complaint Was Never Effectuated

In its plain language, L.R. 23-3 reads:

> "Within 90 days after **service** of a pleading purporting to commence a class action other than an action subject to the Private Securities Litigation Reform Act of 1995, P.L. 104-67, 15 U.S.C. § 77z-1 *et seq.,* the proponent of the class shall file a motion for certification that the

- 13-

action is maintainable as a class action, unless otherwise ordered by the Court." (Emphasis added).

Plaintiff, as a final argument, asserts that there is a question as to whether California Central District Local Civil Rule 23-3 is even applicable in the instant action since service of the complaint was never effectuated upon Defendant. Defendant unilaterally filed its responsive pleading and Notice of Removal upon learning of the instant action from a certified letter to the California Labor & Workforce Development Agency in which Defendant was copied. (*See* Caldwell Decl. at ¶ 3.)

## IV. CONCLUSION

For all the foregoing reasons, Plaintiff respectfully requests the Court issue an Order relieving Plaintiff from the 90-day deadline pursuant to LR 23-3 and extending the time for the filing of Plaintiff's Motion for Class Certification until approximately six months from the date the parties meet and confer pursuant to Federal Rules of Civil Procedure 16 and 26, to May 30, 2011, or a to date that the Court deems just and proper.

Dated:   December 9, 2010          **JAMES HAWKINS, APLC**

*/s/ Will Caldwell*
James R. Hawkins, Esq.
William S. Caldwell, Esq.
Attorneys for Plaintiff, Anna Nguyen, on behalf of herself and all others similarly situated