1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| ANNA NGUYEN, an individual, on behalf of herself and all others similarly situated,<br><br>        Plaintiff,<br><br>  v.<br><br>BAXTER HEALTHCARE CORPORATION, a Delaware Corporation, and DOES 1 through 50, Inclusive,<br><br>        Defendants. | Case No. SACV 10-01436 CJC (SSx)<br><br>**DISCOVERY DOCUMENT:<br>REFERRED TO MAGISTRATE<br>JUDGE SUZANNE H. SEGAL**<br><br>**ORDER GRANTING JOINT STIPULATED PROTECTIVE ORDER REGARDING PRODUCTION OF CONFIDENTIAL INFORMATION**<br><br>Judge:  Hon. Cormac J. Carney<br>Ctrm.:  9B<br><br>Complaint Filed:  August 23, 2010<br>Pretrial Conf:  March 5, 2012<br>Trial Date:  March 13, 2012 |

    Pursuant to the Joint Stipulation filed by the Parties on June 10, 2011, and good cause being shown, the Parties' Stipulation is granted as follows.

**IT IS HEREBY ORDERED THAT:**

    1.    The Joint Stipulation and this Protective Order shall govern Confidential Information as described in the Joint Stipulation (namely, Defendant's supplemental discovery responses regarding certain private time keeping records and the names addresses and telephone numbers of certain of

1

Defendant's current and former non-exempt manufacturing employees at its Irvine facility.)

## DESIGNATION AS CONFIDENTIAL

2. Any Confidential Information shall be designated "Confidential" by Defendant by so identifying the material with the appropriate legend. Whenever counsel for a party deems that any question or line of questioning calls for the disclosure of information that should be treated as Confidential Information, or when Confidential Information is used during or in connection with a deposition, counsel may: designate on the record prior to such disclosure that such information is being designated as "Confidential." Only those portions of the transcript of the deposition designated "Confidential" shall be so treated, except that all copies of deposition transcripts that contain designated Information shall be prominently marked "Confidential" on the cover, and when filed with the Court, in whole or in part, shall be filed under seal. For convenience, if a deposition transcript contains repeated references to Confidential Information that cannot be conveniently segregated from non-confidential information, any party may request that the entire transcript be designated Confidential.

## AUTHORIZED USE AND DISCLOSURE

3. All Confidential Information produced, disclosed, or exchanged in the course of this litigation shall be used by Plaintiff solely for the purpose of this litigation, and for no other purpose.

4. Any Confidential Information shall not be disclosed to any person without the written consent of counsel for Defendant, except that disclosure may be made to:

    a. Plaintiff's counsel in this litigation and their employees, secretaries, and paralegals;

  b. Outside consultants or experts retained to assist counsel in this action; and/or

  c. The Court, its personnel and its reporters.

5. The extent and manner in which any Confidential Information may be used at trial shall be decided by the Court at the final pretrial conference after all parties have had an opportunity to be heard. Nothing herein shall be construed to effect in any manner the admissibility as evidence of any information or document.

## **PROCEDURES FOR FILING WITH THE COURT**

6. Any Confidential Information that is filed with or submitted to the Court shall be filed under seal. If any Confidential Information is submitted to the Court under seal, the party submitting the Confidential Information shall file a copy of the pleading containing the Confidential Information in redacted form. Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the Court to file material under seal.

## **MISCELLANEOUS PROVISIONS**

7. Entering into, agreeing to, and/or producing or receiving Confidential Information or otherwise complying with the terms of this Stipulated Protective order shall not:

  a. prejudice in any way the rights of Defendant to object to the authenticity or admissibility into evidence of any Confidential Information;

  b. prejudice in any way the rights of Defendant to petition the Court for a further protective order relating to any purportedly Confidential Information;

  c. prevent the parties to this Stipulated Protective Order from agreeing in writing or on the record during a deposition or hearing in this action to

3
[PROPOSED] ORDER GRANTING JOINT STIPULATED PROTECTIVE ORDER
REGARDING PRODUCTION OF CONFIDENTIAL INFORMATION
Case No. SACV 10-01436 CJC (SSx)

alter or waive the provisions or protections provided for herein with respect to any particular information or material;

   d. limit a party's ability to grant non-parties access to its own Confidential Information;

   e. be deemed to waive any applicable privilege or work product protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection; and/or

   f. prevent a party or third party from objecting to discovery which it believes to be improper, including objections based upon the privileged, confidential, or proprietary nature of the Confidential Information requested.

 8. If material is appropriately designated as "CONFIDENTIAL" after the material was initially produced, Plaintiff must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Stipulated Protective Order. No action taken in compliance with it shall operate as an admission by Defendant that any particular document or information is or is not confidential.

 9. The entry of this Stipulated Protective Order shall not be construed as a waiver of any right to object to the furnishing of information in response to discovery or to object to a requested inspection of documents or things.

 10. This Stipulated Protective Order shall not apply to, a party's use or disclosure of its own Confidential Information for any purpose.

 11. This Stipulated Protective Order may be modified by agreement of the parties, subject to approval of the Court.

 12. Pursuant to the Court's Discovery Order, Defendant shall produce its supplemental response to Request for Production 24 after the opt-out procedure is complete.

## **GOOD CAUSE**

13. Pursuant to the Discovery Order, good cause exists for this Joint Stipulated Protective Order in order to protect the private time records and contact information of Defendant's employees. The Court has noted that Defendant's employees have privacy rights in their time records and contact information. (*See* Docket 55, at p. 21, ll. 16-17; and p. 23, ll. 23-26.) The Court also noted that Defendant's Response to Request for Production 24, regarding putative class members' names, addresses, and telephone numbers, shall be preceded by an opt-out notice sent to the employees. (*See* Docket 55 at p. 25, ll 4 - 11). As such, there is good cause to protect the disclosure of the Confidential Information.

14. Even if an employee does not opt-out for the Notice, the Parties agree that Confidential Information should remain confidential and not used for any other purposes than this litigation.

**IT IS SO ORDERED.**

June 13,  /S/

Dated: _____, 2011  _____
Honorable Suzanne H. Segal
United States Magistrate Judge