# JS-6

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION**

| | |
|---|---|
| **ANNA NGUYEN, an individual, on behalf of herself and all others similarly situated,**<br><br>        **Plaintiff,**<br><br>    **vs.**<br><br>**BAXTER HEALTHCARE CORPORATION, a Delaware Corporation; and DOES 1 through 50, inclusive,**<br><br>        **Defendants.** | **Case No.: 8:10-cv-01436-CJC(SSx)**<br><br><br>**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; DENYING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT** |

## I. INTRODUCTION

Plaintiff Anna Nguyen brought this action on behalf of herself and other nonexempt manufacturing employees against her employer Defendant Baxter Healthcare Corporation ("Baxter") and its subsidiaries or affiliated companies ("Does 1 through 50") (collectively, "Defendants"), alleging that Baxter violated California wage and hour and

unfair competition laws during a period beginning August 24, 2006 and continuing to the present.  In the operative Second Amended Complaint ("SAC"), Ms. Nguyen alleges four causes of action against Baxter:  (1) failure to provide meal periods or compensation in lieu thereof, in violation of Cal. Lab. Code §§ 226.7, 512 and Industrial Welfare Commission ("IWC") Wage Order No. 1; (2) failure to provide itemized wage statements, in violation of Cal. Lab. Code §§ 226, 1174, 1175; (3) violations of the California Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200, *et seq.*; and (4) violation of the aforementioned sections of the California Labor Code pursuant to the Labor Code Private Attorney General Act of 2004 ("PAGA"), Cal. Lab. Code § 2698, *et seq.*

Currently before the Court are (1) Baxter's motion for summary judgment or, in the alternative, partial summary judgment on Ms. Nguyen's individual claims in the SAC and (2) Ms. Nguyen's motion for partial summary judgment as to her PAGA claim.  For the reasons discussed below, Baxter's motion for summary judgment is GRANTED in its entirety as to Ms. Nguyen's individual claims, and Ms. Nyugen's motion for partial summary judgment is DENIED.[1]

## II.  BACKGROUND

### A.  Ms. Nguyen's Work History with Baxter

Ms. Nguyen worked for Baxter at its Irvine, California facility as a nonexempt manufacturing employee from June 6, 2005 until she took medical leave on July 30,

---

[1] Baxter further filed an objection to Plaintiff's late-filed opposition to its motion for summary judgment.  (Dkt. No. 104.)  Ms. Nguyen filed her opposition on October 11, 2011 instead of October 10, 2011.  Baxter also requested sanctions for Ms. Nguyen's late-filed opposition under Local Rule 7-13 or that Ms. Nguyen's opposition papers be stricken.  Although the Court agrees that Ms. Nguyen did not file a timely opposition, in light of the fact that Baxter was not unduly prejudiced by the late filing, the Court will accept Ms. Nguyen's opposition and declines to impose sanctions.

2009.  (Fact Nos. 1, 26.)  Since that time, Ms. Nguyen has not performed any work for Baxter.  (Fact No. 2.)  Ms. Baxter received her last wage statement listing wages earned for work performed on August 7, 2009.  (Fact No. 26.)  Before her leave, Ms. Nguyen worked the entire time on one of Baxter's different manufacturing lines on the second shift from either 2:30 p.m. to 11 p.m. or 3:00 p.m. to 11:30 p.m.  (Fact No. 3.)  From August 24, 2006 to July 21, 2008, employees at Baxter were not required to clock in and out during their meal breaks, and Baxter automatically deducted thirty minutes of pay for each meal break.  (Fact Nos. 5, 7.)  Baxter shut down its production lines so that Ms. Nguyen and other employees could take meal periods during each shift.  (Fact Nos. 6, 12.)  After July 2008, employees were required to clock in and out for their meal periods.  (Fact No. 8.)  Baxter posted IWC Wage Order No. 1 in its lunchroom.  (Fact No. 10.)  Baxter also has a written policy stating that unless otherwise stipulated, the regularly scheduled workday for the first shift will be eight and a half hours, thirty minutes of which is an unpaid meal period scheduled by each department, and that the second shift also has a regularly scheduled workday of eight and one-half hours, with a thirty-minute unpaid meal period.  (Fact No. 11.)  Ms. Nguyen admitted that during her employment she did not read Baxter's policy regarding meal periods.  (Fact No. 15.)  As a nonexempt employee of Baxter, Ms. Nguyen received a paycheck every week that she worked.  (Fact No. 18.)  Ms. Nguyen's supervisor showed her how to check the hours she worked and her pay rates by reviewing her paychecks available on the computers Baxter made available to employees.  (Fact. No. 19.)  Ms. Nguyen reviewed her bank statements to see if she was paid every week but did not review electronic pay statements.  (Fact No. 20; Nguyen Depo., at 43:4–10, 75:2–6.)  For working on the second shift, Ms. Nguyen received a shift differential of 25 cents per hour.  (Fact No. 17.)  Ms. Nguyen's wage statements separately listed her regular rate of pay, overtime rate, and total number of regular and overtime hours worked each week.  (Fact. No. 24.)

### B.  Procedural History

Ms. Nguyen filed this action in Orange County Superior Court on August 23, 2010, which Defendants removed to this Court on September 22, 2010.  (Dkt. No. 1.)  On February 9, 2011, Ms. Nguyen filed a First Amended Complaint, adding a claim for civil penalties pursuant to PAGA.  (Dkt. No. 20.)  Baxter moved to dismiss Ms. Nguyen's First Amended Complaint, which the Court granted with leave to amend on March 23, 2011.  (Dkt. No. 31.)

Ms. Nguyen filed her Second Amended Complaint on April 6, 2011.  (Dkt. No. 34.)  In the SAC, Ms. Nguyen alleges that Defendants violated California Labor Code Sections 226.7 and 512, as well as Industrial Welfare Commission ("IWC") Wage Order No. 1 by failing to provide a first meal period within the first five hours of an eight-hour shift, or to provide compensation in lieu thereof.  (SAC ¶¶ 2–3, 40–44.)  Ms. Nguyen claims that Defendants violated the same provisions by failing to provide a second meal period when employees worked for ten hours and by failing to provide compensation in lieu thereof.  (*Id.* ¶¶ 2, 5, 45–6.)  As part of these claims she asserts that up until approximately July 2008, Baxter failed to accurately record when employees were given meal periods.  (*Id.* ¶ 48.)  Ms. Nguyen also claims that Defendants violated Section 226(a) of the California Labor Code by failing to include certain information in her wage statements.  (*Id.* ¶¶ 2, 52–54.)  Ms. Nguyen alleges that these deficiencies on her wage statements include omission of (i) the shift differential hourly rate of pay and (ii) compensation for meal breaks that Baxter purportedly did not provide.  (*Id.* ¶¶ 2, 53.)  Ms. Nguyen alleges that Baxter's Labor Code violations amount to unlawful business practices, in violation of Cal. Bus. & Prof. Code § 17200, *et seq.*  (*Id.* ¶¶ 57–63.)  Finally, Ms. Nguyen alleges that Baxter is liable for civil penalties under PAGA for these purported violations of the California Labor Code.  (*Id.* ¶¶ 64–71.)  Ms. Nguyen seeks to

represent a class of persons employed as nonexempt manufacturing employees at Baxter's production facility in Irvine, California.  (*Id.* ¶¶ 28–38.)

On April 18, 2011, Baxter moved to dismiss Ms. Nguyen's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), which the Court denied. (Ct. Order, Dkt. No. 53, May 12, 2011.)  On  July 26, 2011, Ms. Nguyen moved for class certification, which the Court granted.  (Ct. Order, Dkt. No. 83, Aug. 26, 2011.)  On October 3, 2011, Baxter filed this instant motion for summary judgment or, in the alternative, partial summary judgment as to Ms. Nguyen's individual claims.  (Dkt. No. 84.)  Ms. Nguyen filed her opposition on October 11, 2011.  (Dkt. No. 92.)  Baxter filed its reply papers on October 17, 2011.  (Dkt. No. 101.)  On the same day, Ms. Ms. Nguyen filed this instant motion for partial summary judgment as to claims under PAGA.  (Dkt. No. 96.)  Baxter filed its opposition, and Ms. Nguyen filed her reply.  (Dkt. Nos. 113, 119.)  The Court took both motions under submission.  Pursuant to the Court's Scheduling Order, discovery must be completed by December 2, 2011, and all motions need to be filed by February 3, 2012.  (Ct. Order, Dkt. No. 27, Mar. 11, 2011.)  A jury trial of the case is set for March 13, 2012.  (*Id.*)

## III.  LEGAL STANDARD

The Court may grant summary judgment on "each claim or defense — or the part of each claim or defense — on which summary judgment is sought."  FED. R. CIV. P. 56(a).  Summary judgment is proper where the pleadings, the discovery and disclosure materials on file, and any affidavits show that that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  *Id.*; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *Celotex Corp.*, 477 U.S. at 325.  A factual issue is "genuine" when there is

sufficient evidence such that a reasonable trier of fact could resolve the issue in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" when its resolution might affect the outcome of the suit under the governing law, and is determined by looking to the substantive law. *Id.* "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 249.

Where the movant will bear the burden of proof on an issue at trial, the movant "must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). In contrast, where the nonmovant will have the burden of proof on an issue at trial, the moving party may discharge its burden of production by either (1) negating an essential element of the opposing party's claim or defense, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158-60 (1970), or (2) showing that there is an absence of evidence to support the nonmoving party's case. *Celotex Corp.*, 477 U.S. at 325. Once this burden is met, the party resisting the motion must set forth, by affidavit, or as otherwise provided under Rule 56, "specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. A party opposing summary judgment must support its assertion that a material fact is genuinely disputed by (i) citing to materials in the record, (ii) showing the moving party's materials are inadequate to establish an absence of genuine dispute, or (iii) showing that the moving party lacks admissible evidence to support its factual position. FED. R. CIV. P. 56(c)(1)(A)–(B). The opposing party may also object to the material cited by the movant on the basis that it "cannot be presented in a form that would be admissible in evidence." FED. R. CIV. P. 56(c)(2). But the opposing party must show more than the "mere existence of a scintilla of evidence"; rather, "there must be evidence on which the jury could reasonably find for the [opposing party]." *Anderson*, 477 U.S. at 252.

In considering a motion for summary judgment, the court must examine all the evidence in the light most favorable to the nonmoving party, and draw all justifiable inferences in its favor. *Id.*; *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir, 1987). The court does not make credibility determinations, nor does it weigh conflicting evidence. *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 456 (1992). But conclusory and speculative testimony in affidavits and moving papers is insufficient to raise triable issues fact and defeat summary judgment. *Thornhill Pub. Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). The evidence the parties present must be admissible. FED. R. CIV. P. 56(c). "If the court does not grant all the relief requested by the motion, it may enter an order stating any material fact — including an item of damages or other relief — that is not genuinely in dispute and treating the fact as established in the case." FED. R. CIV. P. 56(g).

## IV.  DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Baxter moves for summary judgment on all of Ms. Nguyen's individual claims.  In the alternative, Baxter moves for partial summary judgment on the following issues:

1.    Defendant's meal-period policy is lawful as a matter of law;

2.    Plaintiff cannot base her first and third claims on any information allegedly missing from Defendant's written meal-period policy;

3.    Defendant fully complied with its obligation to inform Plaintiff of her meal period rights and satisfied any requirement to have a written meal-period policy;

4.    Plaintiff's allegation that Defendant inaccurately recorded meal periods does not support Plaintiff's first claim for meal-period violations;

5.      Defendant's automatic-deduction policy for meal periods did not render Plaintiff's meal periods unlawful;

6.      Defendant is not required to provide Plaintiff a meal period within the first five hours of work;

7.      Defendant provided Plaintiff all second meal periods;

8.      Plaintiff's second claim for wage-statement violations is barred by the one-year statute of limitations;

9.      Defendant is not required to include meal-period premiums in its wage statements;

10.     Plaintiff has suffered no harm from any alleged deficient wage statements;

11.     Plaintiff's third claim for violations of the unfair competition law fails because it is dependent on Plaintiff's first and second claims, which fail;

12.     Wage-statement penalties are not restitution and cannot support Plaintiff's claim for a violation of the unfair competition law;

13.     Meal period-premium pay is not restitution and cannot support Plaintiff's claim for a violation of the unfair competition law;

14.     Plaintiff's fourth claim for violations of the Private Attorney General Act fails because her underlying claims fail.

**A.  Meal Period Claim (First Cause of Action)**

Ms. Nguyen alleges that when she worked eight-hour shifts, she did so without being provided an uninterrupted meal period until she worked for more than five hours. (SAC ¶ 44.)  Ms. Nguyen further alleges that when she worked more than ten-hour shifts, she did so without being provided an uninterrupted second meal period.  (*Id.* ¶ 45.)  Ms.

Nguyen alleges that Baxter's failure to provide her with these meal breaks violates Sections 226.7 and 512 of the California Labor Code and IWC Wage Order No. 1. (*Id.* ¶ 49.) In its motion for summary judgment, Baxter argues that the meal break statutes only require that it "provide" — meaning, that it only make available — meal periods, not ensure that Ms. Nguyen take them. (Def.'s Mem. in Supp. Sum. J., at 5–6.) To make a meal break claim, Baxter argues that Ms. Nguyen has the burden of showing that Baxter forced her to forgo her meal break, which she has failed to do. (*Id.* at 6–7.) Baxter argues that Ms. Nguyen has not proffered any evidence that she was denied or deprived of any meal periods. (*Id.*) Ms. Nguyen does not contest Baxter's interpretation of the word "provide" under the meal break statutes or that, in order to assert a meal period claim, she has the burden of showing that she was denied or deprived of meal periods. Nevertheless, she contends that Baxter violated Sections 226.7 and 516 and Wage Order No. 1 because she was not provided with an uninterrupted thirty-minute meal break within the first five hours, as evidenced by Baxter's failure to time meal periods. (Pl.'s Opp., at 6–16.) The Court disagrees.

Section 226.7 prohibits any employer from requiring an employee to work during meal or rest periods mandated by an applicable order of the Industrial Welfare Commission. Cal. Lab. Code § 226.7(a). "If an employer fails to provide an employee a meal period or rest period in accordance with an applicable order of the Industrial Welfare Commission, the employer shall pay the employee one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided." Cal. Lab. Code § 226.7(b). Section 512 also prohibits an employer from requiring an employee to work for more than five hours per day "without providing the employee" with a meal period of at least 30 minutes and prohibits an employer from requiring an employee to work for more than 10 hours per day "without providing the employee" with a second meal period of at least 30 minutes, except under certain specified circumstances. Cal. Lab. Code § 512(a). IWC Wage Order No. 1 is

consistent with this provision and states, in relevant part, that "[n]o employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes . . . [or] employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes . . . ."

An employer who fails "to provide" an employee a meal period must pay the employee an additional hour of pay at the employee's regular rate of compensation for each work day that the meal period was not provided.  Cal. Lab. Code § 226.7(b).  Currently, there is no California Supreme Court decision on the meaning of "provide" in the meal break statutes.  However, district courts within this circuit have largely interpreted the word "provide" in these statutes to mean that employers must make available meal breaks to employees, not ensure that employees take them.  *See, e.g.*, *Marlo v. United Parcel Servs., Inc.*, No. CV 03-042336, 2009 WL 1258491, *9 (C.D. Cal. May 5, 2009) (the meal break provisions "require that employers make meal period *available* to employees, but place them under no further obligations"); *Wren v. RGIS Inventory Specialists*, 256 F.R.D. 180, 208 (N.D. Cal. 2009) (concluding that "under California law an employer must offer meal breaks but is not required to force employees to take them"); *Brown v. Federal Express Corp.*, 249 F.R.D. 580, 585 (C.D. Cal. 2008) ("The word 'provide' means 'to supply or make available' . . .  It does not suggest any obligation to ensure that employees take advantage of what is made available to them." (internal citation omitted)); *White v. Starbucks*, 497 F. Supp. 2d 1080, 1088–89 (N.D. Cal. 2007) ("[T]he court concludes that the California Supreme Court, if faced with this issue, would require only that an employer *offer* meal breaks, without forcing employers actively to ensure that workers are taking these breaks.").  The *White* court reasoned that requiring employers to ensure that employees take meal breaks would place an undue burden on employers and would be "impossible to implement."  *White*, 497 F. Supp. 2d at 1088–89.  Requiring enforcement of meal breaks would also "create perverse

incentives, encouraging employees to violate company meal break policy in order to receive extra compensation under California wage and hour laws." *Brown*, 249 F.R.D. at 585.  The Court finds the reasoning in *White* and *Brown* persuasive and agrees with Baxter that an employer need only make available meal periods under Section 226.7 and 521 and IWC Wage Order No. 1.  Accordingly, to assert a meal break claim, the employee must show that "he was *forced to forego* his meal breaks as opposed to merely showing that he did not take them regardless of the reason." *White*, 497 F. Supp. 2d at 1089.  This may be evidenced "where the employer's policies effectively punished employees for taking meal breaks," *Marlo*, 2009 WL 1258491, at *10 (citing *White*, 497 F. Supp. 2d at 1089 and *Brown*, 249 F.R.D. at 586), or where the employer denied or deprived employees of meal periods.  *Perez v. Safety-Kleen Sys., Inc.*, 253 F.R.D. 508, 514 (N.D. Cal. 2008).

Ms. Nguyen does not offer any evidence that she was forced to forego either a first or second meal period.  It is uncontested that Baxter had a written policy providing the following:

> Unless otherwise stipulated, the regularly scheduled workday for first shift will be eight and one-half (8 1/2) hours, thirty (30) minutes of which is an unpaid meal period scheduled by each department.

> Second Shift will also have a regularly scheduled workday of eight and one half (8 1/2) hours, with a thirty (30) minute unpaid meal period.

(Fact No. 11; Bosalet Depo., at 63:18–64:12 & Exh. A, p. 2.)  Ms. Nguyen does not dispute that Baxter informed its employees of their right to take meal breaks through its written policy.  Baxter's written policy is consistent with the statutory requirements of a first and second meal period, and there is also no evidence in this policy or elsewhere that Baxter would somehow punish its employees for taking a first or second meal break.  Although Ms. Nguyen admitted that she did not read the written policy, (Fact. No. 15;

Nguyen Depo., at 28:8–15), Baxter does not have an affirmative duty to ensure that Ms. Nguyen read and understood the company's policy regarding its meal breaks or that she took her meal breaks.  Moreover, as true here, "[t]here can be no triable issue of fact as to whether the [written policy] discouraged plaintiffs from taking meal breaks where there is no evidence that plaintiffs ever read [it] in the first place."  *Perez*, 253 F.R.D. at 516.  In fact, Ms. Nguyen does not dispute that Baxter shut down its production lines so that she and other employees could take meal periods during each shift.  (Fact Nos. 6, 12; Bosalet Depo., at 161:3–12.)  Furthermore, Ms. Nguyen's claim that she was not provided with a second meal period is premised on her claim that her supervisor did not inform her that she was entitled to a second thirty-minute break.  (Nguyen Decl. ¶ 9.)  But there is no affirmative duty to inform employees of their break rights.  *See Perez*, 253 F.R.D. at 515.  Rather, Ms. Nguyen must proffer evidence that she was prohibited or deterred from taking a second meal period.  Ms. Nguyen, however, stated in her deposition that no one told her that she was prohibited from taking a second meal period if she worked over ten hours.  (Fact No. 13; Nguyen Depo., at 65:3–6).)  And Ms. Nguyen points to no evidence of being denied or coerced into foregoing her second meal break, as Ms. Nguyen stated in her declaration that during the statutory period when she worked more than 10 hours a day without a second meal period, she "volunteered" to work those shifts.  (Nguyen Decl. ¶ 8.)

It is further uncontested that Baxter posted IWC Wage Order No. 1 in its lunchroom with the following provisions:

> (A)  No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes . . . .

> (B)   An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes . . . .

-12-

(Fact. No. 10; Bosalet Depo., at 48:3–49:12, Exh. A-1.)  Ms. Baxter testified that she had visited the cafeteria only when the company had office parties and did not know if the Wage Order was posted there.  (Nguyen Depo., at 26:11–17.)  However, Baxter does not have a duty to ensure that she read it, only that meal periods be made available to her. *See Perez*, 253 F.R.D. at 515 (an employer is not required "to schedule meal breaks for its employees or to inform employees of meal break rights other than to post Wage Order posters").  There is also no evidence that Ms. Baxter was somehow deterred from reading the Wage Order or subject to any duress to forego her meal breaks.

Nevertheless, Ms. Nguyen argues that Baxter violated the meal period statutes and IWC Wage Order No. 1 because it did not provide a first meal period within the first five hours of work and did not time the meal periods.  (Pl.'s Opp., at 6–12.)  But contrary to Plaintiff's contention, the plain language of Sections 226.7 and 512 and IWC Wage Order No. 1 does not suggest that meal periods must be provided within the first five hours or that meal periods must be timed.  There is no language as to when a first meal break must occur or if the meal breaks need to be timed.  Rather, Section 512 states a thirty-minute meal break must be provided "for work of more than five hours *per day*." Cal. Lab. Code § 512(a) (emphasis added).  Moreover, the Court agrees with Baxter that to interpret the meal break provision under IWC Wage Order No. 1 as to require a meal break every five hours would render the second portion of that provision requiring a second meal break "for a work period of than ten (10) hours per day" superfluous. Furthermore, other than a lengthy exegesis of legislative history that are largely inapposite, Ms. Nguyen has not furnished any binding or persuasive legal authority — and the Court is aware of none — in support of the proposition that an employer must provide a meal period within the first five hours worked or that meal periods must be timed under Section 226.7, Section 516, or IWC Wage Order No. 1.  In fact, California and federal court decisions counsel that there are no such requirements.  *See, e.g.*, *Perez*, 253 F.R.D. at 514 (granting summary judgment in favor of employer on meal period

claim even though it was undisputed that employer "never scheduled any meal breaks for plaintiffs"); *Murphy v. Kenneth Cole Productions, Inc.*, 40 Cal. 4th 1094, 1104 (2007) ("Employees are entitled to an unpaid 30-minute . . . meal period after working for five hours.")[2]

Accordingly, because Ms. Nguyen has not offered any evidence that she was forced to forgo a first or second meal break, Baxter is entitled to judgment as a matter of law as to Ms. Nguyen's meal period claim under the first cause of action.

**B.  Wage Statement Claim (Second Cause of Action)**

Ms. Nguyen alleges that Baxter failed to provide an itemized wage statement that included (i) payments for the meal breaks that Baxter purportedly failed to provide and (ii) the shift differential hourly rate of pay, in violation of Cal. Lab. Code § 226(a).  (SAC ¶ 53.)  Ms. Nguyen requests damages for "suffered injury" and civil penalties.  (*Id.* ¶¶ 55–56.)  An employer is required to provide an "accurate itemized statement" of an employee's wages that includes nine enumerated pieces of information, including "(1) gross wages earned, (2) total hours worked by the employee . . . (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions . . . (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number . . . (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. . . ."  Cal. Lab. Code § 226(a).

---

[2] California appellate courts currently under review have reached a similar decision.  *See Brinker Rest. Corp. v. Superior Court*, 165 Cal. App. 4th 25, 55 (2008), *rev. granted*, 196 P.3d 216 (2008); *Brinkley v. Pub. Storage, Inc.*, 167 Cal. App. 4th 1278, 1288 (2008), *rev. granted*, 198 P.3d 1087 (2009).

### 1. Meal Period Premiums

Baxter argues that Ms. Nguyen's wage statement claim fails because Section 226(a) does not require that wage statements include payments for meal period premiums, which are considered liquidated damages, not wages. (Def.'s Mem. in Supp. Sum. J., at 15–16.) Ms. Nguyen contends that compensation in lieu of a meal period constitutes a wage and thus must be included in the wage statement. (Pl.'s Opp., at 20–21.) As discussed above, however, the Court finds that Baxter is entitled to judgment as a matter of law as to the meal period claim. Therefore, whether Ms. Nguyen's wage statements correctly reflected payments for missed meal breaks is not a genuine issue here. Furthermore, the plain language of Section 226(a) does not require that wage statement include an itemized listing of any premium payments owed to her for missed meal periods. Nor is this information required under Sections 1174 or 1175 of the California Labor Code. The Court finds that the recent decision in *Driscoll v. Granite Rock Co.*, County of Santa Clara Superior Court, No. 1-08-CV-103426 (Sept. 20, 2011), helpful and persuasive on this issue.[3] As the *Driscoll* court observed, the legislative history of Section 226(a) reveals that the purpose of the statute was "to ensure that employers provide accurate wage statements to employees, not to govern employers' obligations with respect to meal periods." *Id.* at 22. Finally, the Court finds that missed meal breaks must be compensated under Section 226.7 and is properly considered liquidated damages, not wages earned for the purposes of Section 226(a). *See Brewer v. Premier Golf Prop., LP*, 168 Cal. App. 1243, 1254 (2008) (remedies for for missed meal break "include an award in the nature of liquidated damages under section 226.7"); *Murphy*, 40 Cal. 4th at 1113 (payment under Section 226.7 "uses the employee's rate of compensation as the measure of pay and compensates the employee for events other than

---

[3] Baxter requests that the Court take judicial notice of *Driscoll v. Granite Rock Co.*, which the Court grants.

time spent working"). Ms. Nguyen does not offer any legal support — and the Court is aware of none — for the proposition that meal period premiums must be included in an employee's wage statement.

## 2. Shift Differential Hourly Rate

Baxter does not dispute that Ms. Nguyen's wage statements did not expressly state her shift differential hourly rate, as required under Section 226(a)(9). (Def.'s Mem. in Supp. Sum. J., at 19.) Nevertheless, Baxter argues that Ms. Nguyen's wage statement claim fails because there is no evidence that she suffered any harm from this missing information, as she could calculate her rate from the shift differential amount included in her wage statements. (*Id.* at 17–20.) Ms. Nguyen contends that she suffered injury because the absence of the shift differential rate caused her confusion and required her to perform mathematical calculations. (Pl.'s Opp., at 6, 16–20.)

An employee is entitled to damages if "suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) [of Section 226]." Cal. Lab. Code § 226(e). By employing the term "suffering injury," the statute requires that an employee may not recover for a violation of Cal. Lab. Code § 226(a), "unless he or she demonstrates some injury from the employer's violation." *Elliot v. Spherion Pacific Work, LLC*, 572 F. Supp. 2d 1169, 1181 (C.D. Cal. 2008); *accord Price v. Starbucks Corp.*, 192 Cal. App. 4th 1136, 1142–43 (2011). The injury requirement cannot be met simply by showing that one of the nine itemized requirements under Section 226(a) is absent from the wage statement. *Price*, 192 Cal. App. 4th at 1142. The type of injuries may include "the possibility of not being paid overtime, employee confusion over whether they received all wages owed them, difficulty and expense involved in reconstructing pay records, and forcing employees to make mathematical computations to analyze whether the wages paid in fact compensated them for all hours

worked." *Elliot*, 572 F. Supp. 2d at 1181.  Thus, injuries may range from "actual lost wages, to the possibility of lost wages and confusion." *Id*.

Ms. Nguyen does not allege any specific injury in her SAC but argues in her opposition that she was injured by the missing shift differential rate because she was confused by the missed information and it required her to perform mathematical calculations.  (Pl.'s Opp., at 6.)  However, although Ms. Nguyen cites portions of deposition testimony in the fact section of her opposition, (Pl.'s Opp., at 6 nn.37–38), the evidence does not show how she was injured by the missing information.  It is undisputed that Plaintiff received a paycheck every week that she worked.  (Fact. No. 18; Nguyen Depo., at 42:21–23.)  Ms. Nguyen does not dispute that she received a shift differential of 25 cents per hour for working on the second shift.  (Fact No. 17; Nguyen Depo., at 54:10–12, 57:9–11; Nguyen Decl. ¶ 3.)  Ms. Nguyen's wage statements also listed her shift differential amount.  (Fact No. 25; Bosalet Depo., at 152:4–6.)  Ms. Nguyen did not review her wage statements electronically, but chose instead to review her bank statements.  (Fact No. 20; Nguyen Depo., at 43:4–10, 75:2–6.)  It is also undisputed that Ms. Nguyen's wage statements listed her regular rate of pay, overtime rate, and total number of regular and overtime hours worked each week.  (Fact Nos. 24, 25; Bosalet Depo., at 151:22–152:7; 152:4–6.)  Nevertheless, Ms. Nguyen states in her declaration that she had to perform division to calculate the hourly rate and that the math was "trickier" if she worked overtime.  (Nguyen Decl. ¶¶ 12–13.)  However, there is no evidence that this was unduly burdensome, as simple mathematical calculation is insufficient injury. *See Price*, 192 Cal. App. 4th at 1143 (concluding that "mathematical injury" requiring employee to add up his overtime and regular hours and to ensure his overtime rate of pay is correct is insufficient injury under Section 226(a)).  In the argument portion of her opposition, Ms. Nguyen only speaks in generalities and does not cite any evidence of any instances where she was confused by the lack of missing information or that she performed any mathematical calculation, especially in light of the

fact she did not check her wage statements electronically.  Ms. Nguyen further does not offer any evidence that she was unable to verify her earnings and thereby lost any wages because of the missing information.  The Court thus finds that there is insufficient evidence to raise a triable issue as to whether Ms. Nguyen has suffered injury as a result of the missing differential hourly rate on her wage statements.[4]

### 3.  Wage Statement Claim Is Time-Barred

Baxter further argues that the Ms. Nguyen's wage statement claims are time-barred by Section 340 of the California Code of Civil Procedure.  (Def.'s Mem. in Supp. Sum. J., at 14–15.)  Section 340 imposes a one-year statute of limitations on "[a]n action upon a statute for a penalty or forfeiture, if the action is given to an individual, or to an individual and the state, except if the statute imposing it prescribes a different limitation."  Cal. Code Civ. Proc. § 340.  Ms. Nguyen does not dispute the applicability of Section 340.  Here, to the extent that Ms. Nguyen's also requests damages under Section 226(e) (SAC ¶¶ 55–56), in addition to civil penalties under PAGA, Section 340 would not apply to foreclose the wage statement claim.  However, as discussed above, because the Court finds there is no evidence of injury suffered as a result of the purported missing information in her wage statements, Section 340 applies to limit her wage statement claim to wage statements provided on or after August 23, 2009, which is a year before she filed her complaint.  *See Elliot*, 572 F. Supp. 2d at 1179 & n.9 (Section 340 applied to limit plaintiff's wage statement claim because she sought penalties and because there was no evidence that she suffered any actual harm or damages).  Here, it is undisputed that Ms. Nguyen went on medical leave on July 30, 2009, and that she did not earn any wages

---

[4] Ms. Nguyen also argues in her opposition that Baxter violated Section 226(a) because it failed to include the employer's address and the pay period's beginning date.  (Pl.'s Opp., at 22.)  These deficiencies, however, were not asserted in the SAC or any of the prior complaints, but only belatedly in her opposition and thus are not genuine issues here.  Ms. Nguyen's wage statement claim based on these missing items further fails because she has not proffered any evidence that she was somehow harmed by these exclusions in her wage statements.

subsequent to her leave.  (Fact No. 26; Nguyen Depo., at 10:10–16, 14:18–23; Bosalet Decl. ¶ 3.)  Ms. Nguyen therefore received her "last statement for work performed" on August 7, 2009, which is outside the statute of limitations period.  (Fact No. 26; Bosalet Decl. ¶¶ 3, 4 & Exh. A.)  Ms. Nguyen attached six post-leave electronic pay statements dated December 11, 18, 24, 31, 2009 and January 15 and 22, 2010 to her declaration.  (Nguyen Decl., Attachments.)  However, none of these statements reflect any wages paid or work performed and cannot be properly considered wage statements for a Section 226 claim.  *See* Cal. Lab. Code § 226(a) ("Every employer shall . . . at the time of each payment of wages, furnish each of his or her employees, either as a detachable part of the check, draft, or voucher paying the employee's wages, or separately *when wages are paid* by personal check or cash, an accurate itemized statement . . . ." (emphasis added)).

## C.  UCL Claim (Third Cause of Action)

Ms. Nguyen alleges that Baxter committed unfair business practices in violation of the UCL.  (SAC ¶¶ 57–63.)  The UCL prohibits "any unlawful, unfair or fraudulent business act of practice."  Cal. Bus. & Prof. Code § 17200.  The UCL provides a separate theory of liability under the "unlawful," "unfair," or "fraudulent" prong.  *Lozano v. AT&T Wireless Servs., Inc.*, 504 F.3d 718, 731 (9th Cir. 2007).  The unlawful prong borrows violations of other laws and treats them as independently actionable under the UCL.  *Farmers Ins. Exchange v. Superior Court*, 2 Cal. 4th 377, 383 (1992).  Ms. Nguyen alleges that Baxter committed "unlawful" business practices by failing to provide meal periods and accurate itemized wage statements under the first and second causes of action, respectively.  (SAC ¶ 61.)  Ms. Nguyen's UCL claim is thus derivative of her meal period and wage statement claims.  Because Baxter is entitled to judgment on these claims, it is also entitled to judgment on the UCL claim under the third cause of action.

### D.  PAGA Claim (Fourth Cause of Action)

Ms. Nguyen alleges that she is entitled to civil penalties under PAGA for violations of the California Labor Code.  (SAC ¶¶ 64–71.)  Under PAGA, a plaintiff brings a representative action as an "aggrieved employee," on behalf of himself and other current or former employees, and seeks civil penalties for Labor Code violations by employers, with 75 percent going to the Labor and Workforce Development Agency ("LWDA") and the remaining 25 percent to the aggrieved employees.  Cal. Lab. Code § 2699(a), (i).  Ms. Nguyen's PAGA claims are premised on violations of the California Labor Code under her first and second claims.  However, because her underlying meal period and wage statement claims fail, her PAGA claim also fails.  The Court further agrees with Baxter's contention that Ms. Nguyen's PAGA claim independently fails because it is time-barred under Section 340(a) of the California Code of Civil Procedure, as Ms. Nguyen did not file her PAGA claim until early 2011, and the last wage statement Ms. Nguyen received with her earnings was on August 7, 2009.  Accordingly, Baxter is entitled to judgment as a matter of law as to Ms. Nguyen's PAGA claim under the fourth cause of action.

## V.  PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Ms. Nguyen moves for partial summary judgment as to her PAGA claim under the fourth cause of action on the basis that Baxter failed to include the following information on her wage statements:  (i) the beginning date of pay, (ii) employer's address, and (iii) shift differential rate of pay or the total hours worked at the shift differential rate, in violation of Cal. Lab. Code § 226(a)(6), (8), and (9).  Ms. Nguyen argues that she is entitled to civil penalties under Section 2699(f) of the California Labor Code, which does not include the requirement that she establish "suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) [of Section 226]"

-20-

under Section 226(e).  (Pl.'s Mem. in Supp. Part. Sum. J., at 12.)  However, as explained above, Ms. Nguyen's wage statement claim is time-barred under Section 340 of the California Code of Civil Procedure.  Ms. Nguyen also did not plead that the beginning date of her pay and her employer's address were missing from her wage statements in her SAC.  Therefore, Ms. Nguyen's motion for partial summary judgment as to her PAGA claim premised on Baxter's violation of Section 226(a) is also DENIED.

## VI.  CONCLUSION

For the foregoing reasons, Baxter's motion for summary judgment as to Ms. Nguyen's individual claims under the Second Amended Complaint is GRANTED.  Ms. Nguyen's motion for partial summary judgment is DENIED.

DATED:      November 28, 2011

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE