SEYFARTH SHAW LLP
Jon D. Meer (SBN 144389)
jmeer@seyfarth.com
Timothy M. Rusche (SBN 230036)
trusche@seyfarth.com
John R. Giovannone (SBN 239366)
jgiovannone@seyfarth.com
Jonathan L. Brophy (SBN 245223)
jbrophy@seyfarth.com
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-5219

Attorneys for Defendant
BAXTER HEALTHCARE CORPORATION

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - SOUTHERN DIVISION

| | |
|---|---|
| ANNA NGUYEN, an individual, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BAXTER HEALTHCARE CORPORATION, a Delaware Corporation, and DOES 1 through 50, Inclusive,<br><br>Defendants. | Case No. SACV 10-01436 CJC (SSx)<br><br>**DEFENDANT BAXTER HEALTHCARE CORPORATION'S RESPONSE TO PLAINTIFF'S OBJECTIONS TO [PROPOSED] JUDGMENT** |

## I. INTRODUCTION

On November 28, 2011, the Court issued an order granting Defendant Baxter Healthcare Corporation's ("Defendant") motion for summary judgment as to each of the remaining claims of Plaintiff Ann Nguyen ("Plaintiff") and the case was terminated. (Dkt. No. 123.) Defendant then lodged a proposed judgment, which it requested that the Court enter, pursuant to Federal Rules of Civil Procedure, Rule 58(d) and Central District Local Rule 56-1. (Dkt. No. 124.)

In response, Plaintiff levies a series of objections as to the form of the judgment proposed by Defendant. As discussed below, Plaintiff's objections are meritless and Defendant respectfully requests entry of the judgment proposed.

## II. ALL CLAIMS IN THIS LAWSUIT HAVE BEEN ADJUDICATED

Plaintiff's initial and primary objection to Defendant's proposed judgment takes issue with the judgment's procedural and contextual recitals concerning the evolution of her lawsuit from her original Complaint to the Second Amended Complaint ("SAC") as impacted by Defendant's motions to dismiss and resulting Court orders. The rationale behind Plaintiff's objection is not clear — surely, Plaintiff cannot mean to suggest that Defendant somehow did not prevail in this litigation as to all claims asserted, whether dismissed or adjudicated.

Defendant does not dispute, and the proposed judgment makes clear, that Defendant's summary judgment motion was directed at the four then-remaining claims in the SAC, and not at Plaintiff's prior claims all of which had been previously dismissed. Still, the result of the Court's summary judgment order is that there is nothing left to litigate in this lawsuit as evidenced by the Court's termination of this case. To wit, Plaintiff's "Failure to Provide Rest Periods," "Failure to Timely Pay Wages," and "Failure to Pay Hourly Wages and Overtime Wages" claims were not addressed at the summary judgment stage because they

were dismissed on March 23, 2011 (Dkt. No. 31), well before the Court's summary judgment ruling.

The dates and procedural junctures at which Defendant prevailed on each of Plaintiff's various claims are of no consequence to the propriety of Defendant's proposed judgment disposing of the entire action. Plaintiff certainly may not reassert any of her claims that were ever at issue in this lawsuit; instead, final judgment is to be entered in favor of Defendant that is dispositive of the entire action. *See e.g., Riley v. Kennedy*, 553 US 406, 419 (2008) ("A final judgment is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.").

### III. THE COURT'S SUMMARY JUDGMENT ORDER PRECLUDES RE-LITIGATION OF DECIDED ISSUES

Plaintiff's contention that Defendant's proposed judgment is vague or ambiguous lacks merit. Defendant's proposed judgment disposes of all of her claims on the merits.

Though not entirely clear, Plaintiff appears to object not to the proposed judgment *per se* but to the impact of the underlying summary judgment order on members of the class she once sought to represent. The order is not ambiguous and is accurate as written. Defendant nonethelesss observes that on August 26, 2011, the Court certified a purported class on the grounds that "Ms. Nguyen's complaint and the putative class member's claims depend on a common contention, namely that Baxter employed uniform policies with respect to the meal breaks and wages of their non-exempt manufacturing employees . . . . The written policy provided to the class members regarding meal breaks, which Ms. Nguyen asserts lacks required information . . . , was identical for all of the class members." (Dkt. No. 83 at 6:17-7:1.). The Court's summary judgment order and resulting judgment operate to establish that Baxter's relevant policies and practices upon

which class certification was based are "lawful as a matter of law" — findings that preclude the re-litigation of these issues. (*See generally,* Dkt. 123 at 2 & 7.)

### IV. PLAINTIFF'S OBJECTIONS CONCERNING DEFENDANT'S COSTS LACK MERIT

Plaintiff also objects to the proposed judgment's grant of costs to Defendant because, ***according to Plaintiff***, the Court's summary judgment order did not award costs, Defendant's summary judgment motion did not seek costs, and the proposed judgment (somehow) fails to comply with Central District Local Rule 54-3. These objections are hollow.

As an initial matter, Defendant does not dispute Plaintiff's assertion that neither Defendant's summary judgment motion, nor the Court's order granting Defendant's motion in its entirety, contain any reference to costs. They do not, nor should they. Separate and apart from Defendant's motion, Federal Rules of Civil Procedure, Rule 54(d)(1) (entitled "Judgments; Costs") provides that Defendant's recovery of costs in connection with this proposed judgment is appropriate: "[u]nless a federal statute, these rules [of civil procedure], or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Defendant is undisputably the "prevailing party" in this action (under any definition) and Plaintiff has presented no statute, rule or order counseling against Defendant's of costs. *See, e.g.,* C.D. L.R. 54-2 & 54-2.2 ("***Prevailing Party Defined . . . Dismissal or Judgment in Favor of Defendant.*** The defendant is the prevailing party when the proceeding is terminated by court-ordered dismissal or judgment in favor of defendant.") (emphasis in original).

Plaintiff's citation to Local Rule 54-3 is also misplaced as that provision addresses the procedure for applying for and obtaining a specified calculation of costs ***after*** entry of a proposed judgment: "***Within fifteen (15) days after the entry of judgment***, the party entitled to costs shall electronically file a Notice of Application to the Clerk to Tax Costs and shall attach a proposed Bill of Costs on

1  Form CV-59." (emphasis added). Accordingly, notwithstanding Plaintiff's
2  contention to the contrary, Defendant's proposed judgment does not run afoul of
3  Local Rule 54-3 and Defendant has every intention of complying with that rule
4  following entry of judgment.

5  **V.   CONCLUSION**

6  In light of the foregoing, Defendant respectfully requests entry of its
7  proposed judgment pursuant to Federal Rules of Civil Procedure, Rule 58(d).

DATED: December 9, 2011          SEYFARTH SHAW LLP

                                 By  /s/ John R. Giovannone
                                     John R. Giovannone
                                 Attorneys for Defendant
                                 BAXTER HEALTHCARE CORPORATION

# PROOF OF SERVICE

STATE OF CALIFORNIA ) 
) ss
COUNTY OF LOS ANGELES )

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 333 S. Hope Street, Suite 3900, Los Angeles, California 90071. On December 6, 2011, I served the within documents:

**DEFENDANT'S RESPONSE TO OBJECTION TO [PROPOSED] JUDGMENT**

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, addressed as set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed Federal Express envelope with postage paid on account and deposited with Federal Express at Los Angeles, California, addressed as set forth below.

☒ electronically by using the Court's ECF/CM System.

James R. Hawkins, Esq.                    Attorneys for Plaintiff
William S. Caldwell, Esq.
JAMES R. HAWKINS, APLC
9880 Research Drive, Suite 200
Irvine, California 92618
Telephone: (949) 387-7200
Facsimile: (949) 387-6676

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after the date of deposit for mailing in affidavit.

I declare that I am employed in the office of a member of the bar of this court whose direction the service was made.

Executed on December 9, 2011, at Los Angeles, California.

*/s/ Blanca Guerra*
Blanca Guerra